United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff | ) ) ) ) |
| v. | ) )  Criminal Case No. 17-20487-CR-Scola ) ) |
| Sadieu Nelus, Defendant. | ) ) |

### Order

    This matter is before the Court on the Defendant's motions to withdraw his guilty plea, for leave to proceed *in forma pauperis*, and for appointment of counsel. (ECF Nos. 982, 983, 984.) The Government filed a response (ECF No. 995), and there is no need for the Defendant to reply. The Court has reviewed the briefing, the record, the relevant legal authorities, and is otherwise fully advised. For the reasons discussed below, the Court **grants** the Defendant's motion for leave to proceed *in forma pauperis* (**ECF No. 984**), but **denies** the motions for appointment of counsel and to withdraw the guilty plea. (**ECF Nos. 982, 983**.)

    The Defendant, Sadieu Nelus, pleaded guilty on February 20, 2020 to Hobbs Act robbery and three other offenses related to a spree of armed robberies committed in 2016 and 2017. (ECF Nos. 364, 367, 368.) The Defendant received a sentence of 204 months of imprisonment on August 12, 2020 and is currently scheduled for release on September 17, 2034. (ECF Nos. 394, 395, 995 at 6.) Nelus now moves the court for leave to appeal *in forma pauperis*, for appointment of counsel, and to withdraw his guilty plea. (ECF Nos. 982, 983, 984.)

    First, the Court grants the Defendant's request to proceed *in forma pauperis*. (ECF No. 984.) A court "may authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees . . . therefore, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees. . . ." 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004). The Defendant states in his motion that he has no assets and has not been able to earn any type of income while in prison. (ECF No. 984.) The

Court therefore grants the Defendant leave to proceed *in forma pauperis*.

Next, the Court denies the Defendant's request to appoint counsel. (ECF No. 983.) The Defendant argues that he is entitled to the appointment of counsel because he is indigent and unfamiliar with legal jargon.

> "The right for an indigent party to have a court-appointed attorney emanates from three different sources. First, the Fifth Amendment's Due Process Clause may provide the right when 'fundamental fairness' requires it. Second, the Sixth Amendment provides the right at 'critical stages of a criminal prosecution,' including during a first appeal. Third, a defendant has a statutory right to counsel under 18 U.S.C. § 3006A when: (1) the defendant is entitled to appointment of counsel under the Sixth Amendment to the Constitution; (2) the defendant is under arrest, and such representation is required by law; and (3) the district court determines that the interests of justice so require when a defendant seeks relief under 28 U.S.C. §§ 2241, 2254, or 2255." *United States v. Johnson*, 842 F. App'x 402, 405 (11th Cir. 2021) (cleaned up).

The Defendant has not established that any of these situations is present here. The motion at issue is not part of the critical stages of the prosecution, including direct appeal, nor does fundamental fairness demand that the Defendant have the assistance of counsel at this juncture. *See United States v. Webb*, 565 F.3d 789, 794 (11th Cir. 2009). And the Court declines to exercise its discretion to appoint counsel here where the Defendant is clearly not entitled to relief, as discussed below. *See id.* at 795.

Finally, the Defendant asks the Court to allow him to withdraw the guilty plea entered over four years ago, arguing that the plea was not knowingly and intelligently entered because the Defendant "was never advised by counsel [or] the Court that by pleading guilty he would end up being deported." (ECF No. 982 at 2-3.) The Government responds that the Court lacks jurisdiction to consider the motion, and even if the Court had jurisdiction, that the Defendant was in fact advised of the immigration consequences associated with pleading guilty. (*See generally* Resp., ECF No. 995.) The Court agrees with the Government.

"[T]here are three core principles that must be addressed by a court accepting a guilty plea: (1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." *United States v. Jones*, 143 F.3d 1417, 1418-19 (11th Cir. 1998) (cleaned up) (quoting *United States v. Siegel*, 102 F.3d 477, 481 (11th Cir. 1996)). "If the defendant does

understand the plea and its consequences, then the plea colloquy did not violate the defendant's substantial rights and any technical errors are harmless." *Id.* at 1420.

The Defendant invokes the third principle here, arguing that he did not understand the consequences of his plea. But it is well documented in the record that the Defendant, a Bahamian citizen, was advised and acknowledged during the plea colloquy that pleading guilty could have immigration implications, up to and including deportation. The Court stated on the record to the Defendant during the plea colloquy that accepting a guilty plea "could affect your immigration status"; that "you may have to leave the United States, and if you leave, you may not be able to come back"; and confirmed to the Defendant that he could be deported even after living in the United States for years ("That could be the case"). (ECF No. 994 at 16.) The Court further asked the Defendant twice whether he understood that he may be deported as a result of his guilty plea, and he answered affirmatively each time, also declining the opportunity to discuss the topic with his attorney. (*Id.*) It is therefore clear based on the record that the Defendant knew and understood the potential immigration consequences of his guilty plea.

And regardless, as the Government explains, the Defendant's motion is improper under the Federal Rules of Criminal Procedure. "After the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack." Fed. R. Crim. P. 11(e). The Defendant never appealed his sentence or filed a collateral attack, which are the only two means for setting aside a guilty plea under the Federal Rules.

Therefore, although the Court **grants** the Defendant's motion to proceed *in forma pauperis* (**ECF No. 984**), the Court **denies** the motions for appointment of counsel and to withdraw the guilty plea (**ECF Nos. 982**, **983**).

**Done and Ordered** at Miami, Florida, on August 5, 2024.

Robert N. Scola, Jr.
United States District Judge